UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BISHME SMITH,

                              **Plaintiff,**

    vs.                                                    5:24-CV-368
                                                                      (MAD/ML)

TERESA JOHNSON, et al.,

                              **Defendants.**
_____

APPEARANCES:                                 OF COUNSEL:

**BISHME SMITH**
10 Centennial Drive
Apt B3
Syracuse, New York 13207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

        On March 17, 2024, Plaintiff Bishme Smith commenced this action, *pro se*, against Defendants Stephanie Albert, Holley Davis, Michelle Folino, Renee Hall, Teresa Johnson, and Julie Richardson. *See id.* Plaintiff alleges Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 as well as the Privacy Act of 1974 and New York State laws. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

        On June 14, 2024, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that his complaint be dismissed with leave to amend. *See* Dkt. No. 6.

        Plaintiff did not file any objections to the Order and Report-Recommendation. When a party declines to file objections, the district court reviews a report-recommendation for clear

1

error.  *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Lovric's Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in the recommendation.  First, Magistrate Judge Lovric correctly recommended dismissal of Plaintiff's § 1983 claims because Plaintiff has not alleged state action.  *See* Dkt. No. 6 at 5-7; *see also Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state") (quotation omitted).  In Plaintiff's complaint, he names Defendants who work for Black River Apartments, Cold Black River L.P., and/or Preservation Management, Inc.  *See* Dkt. No. 1 at ¶¶ 4-9.  As Magistrate Judge Lovric explained, Plaintiff alleges that these entities are federally funded by the Department of Housing and Urban Development ("HUD").  *See* Dkt. No. 6 at 7 (quoting Dkt. No. 1 at ¶ 37).

However, as Magistrate Judge Lovric correctly opined, numerous courts have concluded that funding from HUD does not render private conduct to be state action.  *See id.* (citing, *inter alia*, *Hylton v. RY Mgmt.*, No. 05-CV-6710, 2006 WL 2088196, *4 (S.D.N.Y. July 25, 2006)); *see also DeSouza v. Park W. Apartments, Inc.*, No. 3:15-CV-01668, 2018 WL 2990099, *16 (D. Conn. June 14, 2018) (collecting cases).  Plaintiff has not alleged any conduct which would establish that the named Defendants were state actors or took state action.  *See* Dkt. No. 1. Therefore, the Court finds no clear error in this aspect of Magistrate Judge Lovric's Order and Report-Recommendation.

Second, as to Plaintiff's claims concerning the Privacy Act of 1974, 5 U.S.C. § 552a, the Court likewise finds no clear error in the Order and Report-Recommendation. Magistrate Judge Lovric correctly determined that Plaintiff cannot bring claims against the individual Defendants under the Privacy Act. *See* Dkt. No. 6 at 7-8; *see also Young v. Tryon*, No. 12-CV-6251, 2013 WL 2471543, *5 (W.D.N.Y. June 7, 2013) (collecting cases to support the contention that "the Privacy Act does not provide for a cause of action against individuals").

Third, as recommended by Magistrate Judge Lovric, because Plaintiff's federal claims must be dismissed, the Court will also dismiss his state law claims. *See Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 629 (S.D.N.Y. 2022) ("'A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage'") (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)). The Court therefore finds no clear error in this aspect of the Order and Report-Recommendation. *See* Dkt. No. 6 at 8-9.

Fourth, as recommended by Magistrate Judge Lovric, and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. *See* Dkt. No. 6 at 9-10. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the

Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.[2]

**IT IS SO ORDERED.**

Dated: July 11, 2024
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[1] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 6 at 10.

[2] The Court notes that this case has been deemed related to *Smith, et al., v. Davis, et al.*, No. 5:22-CV-1210 (N.D.N.Y). *See* Dkt. No. 7. Four of the six named Defendants in this action are also named defendants in the 2022 action. Plaintiff is notified that pursuant to Federal Rule of Civil Procedure 42(a), the Court has discretion to consolidate actions if the "actions before the court involve a common question of law or fact." FED. R. CIV. P. 42(a)(2).